IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD WALKER,                                        1:07-cv-01256 AWI DLB HC

    Petitioner,

  vs.                                                              ORDER OF TRANSFER

JAMES TILTON,

    Respondent.
_____/

    Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges a decision reached by the Governor of the State of California/Board of Prison Terms regarding his suitability for parole. Petitioner has submitted an application to proceed in forma pauperis for this action.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Where a petitioner attacks the execution of his sentence, the proper

1  forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d
2  244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the
3  execution of a sentence is the district where the prisoner is confined.").

       In this case, petitioner was sentenced in Fresno County Superior Court, which is located within the Eastern District of California.  He is currently incarcerated at the Correctional Training Facility, in Monterey County, which lies within the Northern District of California.  Because the instant petition is premised on events relating to Petitioner's parole proceedings, the court construes it as a challenge to the execution of petitioner's sentence, as opposed to an attack on the conviction itself.  Thus, this matter should be addressed in the forum where petitioner is confined.  Therefore, the petition should have been filed in the United States District Court for the Northern District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

       IT IS SO ORDERED.

**Dated:**  **September 10, 2007**                                **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE