# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | 1:07-cv-01256 AWI DLB HC |
|       Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTIONS FOR INJUNCTIVE RELIEF |
|    v. | |
| JAMES TILTON, | [Docs. 21, 25] |
|       Respondent.         / | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on August 30, 2007. Respondent filed an answer to the petition on February 28, 2008, and Petitioner filed a traverse on March 10, 2008. (Court Docs. 26, 27.)

    On January 22, 2008, and February 15, 2008, respectively, Petitioner filed a motions for injunctive relief. (Court Docs. 21, 25.) In both motions, Petitioner appears to be arguing the merits of his underlying petition. In his January 22, 2008, motion, Petitioner states in vague and conclusory terms and out of context of the substance of the motion, that he was denied access to the law library.

    Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order. The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or

1  (2) the existence of serious questions going to the merits and the balance of hardships tipping in
2  [the moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762
3  F.2d 1374, 1376 (9th Cir. 1985), *quoting* <u>Apple Computer, Inc. v. Formula International, Inc.</u>,
4  725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale
5  with the focal point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at
6  1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a
7  significant threat of irreparable injury." <u>Id</u>.  In the absence of a significant showing of irreparable
8  injury, the Court need not reach the issue of likelihood of success on the merits.  <u>Id</u>.
9       To obtain a preliminary injunction, a party must demonstrate either 1) a combination of
10 probable success on the merits and the possibility of irreparable injury, or 2) the existence of
11 serious questions going to the merits and that the balance of hardships tips sharply in its favor.
12 <u>First Brands Corp. v. Fred Meyer, Inc.</u>, 809 F.2d 1378, 1381 (9th Cir.1987.)
13      As Petitioner is merely re-arguing the merits of his petition by way of motion for
14 injunctive relief, Petitioner has failed to met his burden demonstrating entitlement to injunctive
15 relief.  The merits of Petitioner's petition will be resolved in due course, as the Court's number
16 of pending cases is substantial and the Court must act first on those cases that have been pending
17 the longest.
18      Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motions for
19 injunctive relief be DENIED.
20      This Findings and Recommendation is submitted to the assigned United States District
21 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
22 the Local Rules of Practice for the United States District Court, Eastern District of California.
23 Within thirty (30) days after being served with a copy, any party may file written objections with
24 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
26 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
27 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
28 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 27, 2008**                                   **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE