# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES TILTON,<br><br>        Respondent.<br>_____/ | 1:07-cv-01256 AWI DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITIONER'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>[Doc. 28] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On March 28, 2008, the Magistrate Judge issued Findings and Recommendation that Petitioner's motions for injunctive relief be DENIED.  This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

      On April 11, 2008, Petitioner filed timely objections to the Findings and Recommendation.

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.  As explained by the Magistrate Judge, injunctive relief is only given in to preserve the status quo if the balance of equities so heavily favors the

moving party that justice requires the court to intervene to secure the parties' positions until the merits of the action are ultimately determined.  See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).   Here, Petitioner's motion for injunctive relief tracks the claim in the petition – Petitioner's rights were violated at the parole revocation.   The briefing on Petitioner's underlying claim is being concluded at this time, and the merit's of Petitioner's claim will be addressed shortly.   Petitioner has failed to show that equity requires the court to take this petition out of order and immediately resolve Petitioner's petition by issuing immediate injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued March 28, 2008, is ADOPTED IN FULL;
2. Petitioner's motions for injunctive relief  (Court Docs. 21, 25) are DENIED;
3. This action is REFERRED to the Magistrate Judge to consider the petition's underlying claim.

IT IS SO ORDERED.

**Dated:   April 16, 2008**           /s/ Anthony W. Ishii
UNITED STATES DISTRICT JUDGE