UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>                            Petitioner,<br><br>v.<br><br>JAMES TILTON,<br><br>                            Respondent. | NO. 1:07-CV-1256-WWS<br><br>**ORDER DENYING<br>§ 2254 PETITION** |

Harold Walker, a state prisoner proceeding *pro se* and *in forma pauperis*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Walker claims that his February 2007 parole revocation violated his constitutionally protected due process rights. After a thorough review of the Petition, Respondent's Answer, Petitioner's Traverse, and all supporting documents, the court finds Walker is not entitled to the relief requested and therefore **DENIES** the Petition and **DENIES** Walker's request for an evidentiary hearing. Additionally, the court **DENIES** Walker's motion requesting the court rule on his Petition as moot. (Docket #39).

**I. Background**

In November 2004, Walker was convicted of corporal injury to spouse, two counts of false imprisonment, and dissuading a witness. Ans. Ex. 1 (Abstract of judgment). He was released on parole in November 2006. Ans. Ex. 2 at 2 (Chronological history). As a special condition of his parole, Walker was not permitted to "contact or attempt to contact the victim [Kimberly Canada] in any matter without approval..." Ans. Ex. 5 (Notice and Conditions of Parole).

On January 16, 2007, Canada called Walker's parole agent. She said Walker was outside

of the apartment where she was staying, he had threatened her and her friend, and that she feared for her safety. Pet. Ex. 6 at 1 (Parole agent report). The parole agent contacted the Fresno police department to request assistance. *Id.* When officers arrived at the scene, they spoke to Canada, who said that Walker had fled to a nearby apartment, and threatened to shoot her if she called the police. Pet. Ex. 7 at 3 (Fresno police report). The officers approached the apartment Canada indicated. Pet. Ex. 6 at 2. A man identifying himself as Harold Walker called out to the officers and shouted obscenities. Pet. Ex. 7 at 3. The officers asked him to come outside, but he refused. *Id.* Soon after, Walker's parole agent and a police sergeant arrived at the scene. Pet. Ex. 6 at 2. Both men instructed him to come out of the apartment. *Id.* Walker again refused. *Id.* The parole agent continued to talk with Walker. Pet. Ex. 6 at 2. After about twenty minutes, Walker finally exited the apartment, was taken into custody, and transported to the Fresno county jail. *Id.* at 2-3. After Walker was arrested, the parole officer and a Fresno police officer interviewed Canada and her friend who was present during the incident. *Id.* at 3. The witnesses described the incident in greater detail, and Canada said that Walker told her that "if you set me up again, I'm gonna smoke you." *Id.* at 3. Canada's friend said that Walker threatened that he would "beat your ass too" and said "[t]ell your bitch friend she better not say my name in her mouth, or I'm going to smoke her." Pet. Ex. 6 at 3; Pet. Ex. 7 at 4.

    Walker was served with notice of parole revocation and rights on January 17, 2007. Pet. Ex. 1 (Notice of parole revocation). A probable cause hearing was held on January 31, 2007. Pet. Ex. 4 (Summary of probable cause hearing). Walker refused to appear. *Id.* at 3. The board found good cause to support the alleged parole violations, and set the matter for a full revocation

hearing.[1] *Id.* at 1. A parole revocation hearing was held on February 20, 2007. Pet. Ex. 9 at 1 (Summary of parole revocation hearing). Walker was represented by counsel. *Id.* Walker's parole agent and the reporting agent from the Fresno police department appeared and gave testimony. *Id.* at 3, 5. Canada failed to appear, as did several other non-adverse witnesses subpoenaed by Walker. *Id.* Due to Canada's absence, Walker's parole officer and the Fresno police officer related her statements made on the day of incident. *Id.* at 5. The hearing officer overruled Walker's counsel's hearsay objection, finding that the government had good cause for failing to produce Canada and citing *United States v. Comito*. 177 F.3d 1166 (9th Cir. 1999). Pet. Ex. 9 at 5. The hearing officer found Walker guilty of all three parole violation charges, revoked his parole and assessed a term of eleven months. Pet. Ex. 9 at 3.

Walker timely filed a petition for a writ of habeas corpus in the Fresno District Court, which was denied on April 20, 2007. Ans. Ex. 9 (Superior court petition and order). He filed a petition in the California Court of Appeal, which was summarily denied on June 7, 2007. Ans. Ex. 10 (California Court of Appeal petition and denial). Walker filed a petition for review in the California Supreme Court, which was summarily denied on August 15, 2007. Ans. Ex. 11 (California Supreme Court petition and denial). In its denial, the court cited *In re Swain*, 34 Cal. 2d 300, 304, 209 P.2d 793, 796 (1949), and *People v. Duvall*, 9 Cal. 4th 464, 474, 886 P.2d 1252, 1258 (1995). *Id.* Walker timely filed his § 2254 petition on August 30, 2007.

**II. Standard of Review**

Walker's Petition is governed by the Antiterrorism and Effective Death Penalty Act of

---

[1] Walker was charged with three parole violations: (1) use of marijuana, (2) contacting or attempting to contact Canada and (3) delay or obstruction of a police officer. He admitted the first charge, and denied the remaining two. Pet. Ex. 9 at 2.

1996 ("AEDPA").  Under AEDPA, a federal court may grant the Petition only if Walker demonstrates that the state court decision denying relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) & (2).

When, as here, the California Supreme Court summarily denies a petition, this court "looks through" to the last reasoned state court decision.  *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) *(citing Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)).  Where the state courts have not addressed an issue in dispute in any reasoned opinion, the federal court will independently review the record to determine whether the state court clearly erred in its application of controlling federal law.  *Hernandez v. McGrath*, 595 F. Supp. 2d 1111, 1122 (E.D. Cal. 2009), *see additionally Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  *Himes*, 336 F.3d at 853.

### III. Discussion

**A.  Walker exhausted his state court remedies**

Respondent contends that Walker has not exhausted his state court remedies because the California Supreme Court cited *Swain* and *Duvall* in its denial of his petition.  Denials based on *Swain* and *Duvall* indicate that a petitioner has failed to comply with the requirement that he "allege with sufficient particularity the facts warranting habeas relief."  *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006).

Because this deficiency can be cured in a renewed petition, state remedies are not exhausted. *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986); *McQuown v. McCartney*, 795 F.2d 807, 808 n.1, 809 (9th Cir. 1986); *see also King*, 340 F.3d at 823 (*Swain* and *Duvall* "allow amendment to comply").

A denial based on *Swain* and *Duvall* does not definitively establish that a petitioner's claims are unexhausted. The Ninth Circuit held that when, in the face of a *Swain* denial, a habeas petitioner contends he presented his claims to the California Supreme Court with as much particularity as possible, federal courts must conduct an independent review of the state petition to determine whether the claims were fairly presented and, thus, are exhausted. *Kim*, 799 F.2d at 1319-20. A claim is fairly presented to the state court when the petition describes the operative facts and the federal legal theory on which the claim is based. *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

Here, Walker, a prisoner proceeding *pro se*, argues that he presented his claims to the California courts and that his state law remedies are exhausted.[2] Trav. at 2-3. Based on an independent review of Walker's petition, this court finds that he fairly presented his claims to the California Supreme Court. Ans. Ex. 9-11. Although brief, his petition stated his claims for relief, the facts supporting the claims, and cited specific provisions of the U.S. Constitution and relevant state and federal cases. Therefore, Walker's state court remedies are exhausted. *See*

---

[2] The Ninth Circuit has held that where a prisoner proceeding *pro se* is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. *Harmon v. Ryan*, 959 F.2d 1457, 1462 (9th Cir. 1992) (citing *Kim*, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. *Kim*, 799 F.2d at 1320. Because this court finds that Walker pled his claims with sufficient particularity to fairly present them to the state court, we need not address whether he is excused from compliance.

*Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief").

### B. Walker is not entitled to an evidentiary hearing

Walker requests an evidentiary hearing. The Ninth Circuit recognizes that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998), *cited with approval in Schiro v. Landrigan*, 550 U.S. 465, 474 (2007). Walker's due process claims, i.e., that he was wrongfully arrested, not provided timely hearings, that the government did not disclose the evidence to be used against him, and he was not allowed to confront adverse witnesses, can all be resolved based on the existing state court record. Therefore, he is not entitled to an evidentiary hearing.

### C. Walker's parole revocation did not violate due process

The Supreme Court has held that although a parolee is not entitled to the full array of rights that a defendant possesses in a criminal prosecution, he is entitled to due process in parole revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Due process requires: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Id.* at 489. Walker contends that his parole revocation violated several

aspects of his due process rights. As explained below, the court rejects Walker's arguments and finds that his parole revocation satisfied due process requirements.

### 1. Warrantless arrest

Walker argues that his arrest violated his due process rights because he was arrested without a warrant or probable cause. The superior court found, however, that there was probable cause to arrest Walker based on the statements of Canada and other witnesses. Ans. Ex. 9 at 1-2. The superior court's decision was not contrary to or an unreasonable application of clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Walker is not entitled to relief on the basis of his arrest. *See* 28 U.S.C. § 2254(d)(1) & (2).

### 2. Failure to provide timely probable cause and parole revocation hearings

Walker contends that he was not provided a probable cause hearing, and that his probable cause and parole revocation hearings were not conducted within the time-frame outlined in *Valdivia v. Schwarzenegger*. Civ. No. S-2-94-671 (E.D. Cal. March 9, 2004) (order describing required time line for probable cause and revocation hearings). The superior court concluded that Walker's probable cause and revocation hearings were timely. Ans. Ex. 9 at 2. The probable cause hearing, which Walker refused to attend, was held on January 31, 2007, ten business days after he was given notice of his parole revocation. Pet. Exs. 1 & 4. The parole revocation hearing was held on February 20, 2007, thirty-five days after he was given notice of the revocation. Pet. Ex. 9. The superior court also held that the petitioner had not shown any prejudice due to the brief delay he alleged. Ans. Ex. 9 at 2. The superior court's decision was not contrary to or an unreasonable application of clearly established federal law, nor based on an

unreasonable determination of the facts in light of the evidence presented, and Walker is not entitled to relief. *See* 28 U.S.C. § 2254(d)(1) & (2).

### 3. Failure to provide evidence to be used parole revocation hearing

Walker argues that his due process rights were violated because he was not provided the evidence to be used against him. He contends that he did not receive copies of the Fresno police report (Pet. Ex. 7), and statements of several witnesses. Although Walker raised this claim in his petition in the superior court, the court did not address the issue. Therefore, the court independently reviews the record to determine whether the state court clearly erred in its application of controlling federal law. *Hernandez*, 595 F. Supp. 2d at 1122. The record reflects that the state disclosed the evidence to be used against Walker. He was given a copy of the parole agent's violation report on January 24, 2007. Ans. Ex. 4 at 7. The report summarized the information contained in the Fresno police report and statements made by Canada and the friend who was with her at the time of the incident. *Id.* at 1-7. Therefore, the state satisfied the due process requirements outlined in *Morrissey*. *See* 408 U.S. at 482.

Even if the state erred in failing to provide a copy of the Fresno police report to Walker, the error was harmless. The contents of the Fresno police report were largely reflected in the parole violation report, and failure to provide a copy to Walker did not have a substantial injurious effect on the outcome of the hearing. *See Fry v. Pliler*, 551 U.S. 112, 127 S.Ct. 2321, 2328 (2007) (*quoting Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)) (holding that the prejudicial impact of constitutional error in § 2254 proceedings is evaluated under the "substantial and injurious effect" standard).

8

### 4. Confrontation clause claims

Walker argues that the parole board's use of Canada's hearsay statement denied his right to confront adverse witnesses.[3] Because the superior court did not address this issue in its order, the court independently reviews the record to determine whether the state court clearly erred in its application of controlling federal law. *Hernandez*, 595 F. Supp. 2d at 1122.

The Sixth Amendment's Confrontation Clause applies only to criminal prosecutions, and does not extend to parole revocation proceedings. *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) *(citing Morrissey*, 408 U.S. at 480.) Therefore, the Confrontation Clause based prohibition on the use of testimonial hearsay announced in *Crawford v. Washington*, 541 U.S. 36 (2004), is also inapplicable.[4] *Hall*, 419 F.3d at 985. The Ninth Circuit holds that "a due process standard is used to determine whether hearsay evidence admitted during revocation proceedings violates a defendant's rights." *Id*. Less process is due at a parole revocation hearing than during a criminal trial, and the hearing officer may consider documentary evidence that may not meet usual evidentiary requirements. *Morrissey*, 408 U.S. at 489.

Walker nevertheless has due process right under the Fifth and Fourteenth Amendments to

---

[3] Walker incorrectly asserts that he was also denied the right to present testimony from favorable witnesses. The record indicates that he subpoenaed several witnesses to give testimony at the parole revocation hearing, but they failed to appear. Pet. Ex. 8.

[4] Even if Walker was entitled to the protections of the Confrontation Clause in the revocation hearing, admission of Canada's telephone call to the parole officer and her statements to the Fresno Police as they arrived at the scene would not violate Walker's rights. The statements were nontestimonial because they were made in order to assist the police in their response to an ongoing emergency. *Washington v. Davis*, 547 U.S. 813, 823 (2006). However, her subsequent statements made after Walker's arrest are testimonial. Nonetheless, their admission did not have substantial injurious effect on the outcome of the hearing, and therefore, any error was harmless. *See Fry,* 551 U.S. 112, 127 S.Ct. at 2328.

confront witnesses against him, as the Supreme Court held in *Morrissey*. "Under *Morrissey*, every releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *Comito*, 177 F.3d at 1170. To determine "whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the [g]overnment's good cause for denying it." *Id.* The factors considered by the court are (1) the importance of the hearsay to the ultimate finding on the alleged violation, (2) the nature of the facts to be proven by the hearsay, and (3) the government's good cause for denying the right to confrontation. *Id.* at 1171-72.

In this case, it is clear that the hearsay statements were important to the parole board's determination that Walker violated a special condition of his parole by contacting Canada. There is not additional non-hearsay evidence sufficient to support the board's finding. Regarding the nature of the facts to be proven by hearsay, courts generally find unsworn verbal statements to be unreliable. *Comito*, 177 F.3d at 1171 (unsworn verbal statements were the least reliable type of hearsay when not made "in any other context that might lend them credence"). Canada's statements, however, bear indicia of reliability. Walker was found in the location that Canada told police he fled to after threatening her. The apartment was only twenty-five yards away from where Canada was staying. Finally, Canada consistently reported Walker's threats to multiple individuals. Her description of the incident in the initial call to Walker's parole officer matched the account she gave to the Fresno police responding to the scene, as well as the statements made when she was interviewed following Walker's arrest. *See Hall*, 419 F.3d at 987-88 (unsworn verbal statement had indicia of reliability when police found object described by victim in the

10

exact location she stated it would be, and she consistently reported the events to multiple people).
Because the hearsay was important to the parole board's ultimate conclusion, Walker's interest in confrontation was not insubstantial. *Cf. Hall*, 419 F.3d at 987 (interest in confrontation was "weak" when other non-hearsay evidence was sufficient to support finding). Nonetheless, his interest is somewhat diminished because Canada's statements bore indicia of reliability. *Id.* at 988.

Examining the record, the court finds there was good cause for failing to produce Canada to testify at the parole revocation hearing. The government attempted to secure Canada's testimony by serving her with a subpoena. Additionally, in Canada's absence, Walker's parole officer and the reporting officer from the Fresno police department related her statements to the board. Walker was free to offer contradictory evidence and cross-examine the officers. *See Redix v. Kilpatrick*, No. 06-cv-1248, 2009 WL 347374 (E.D. Cal. February 9, 2009) (finding good cause for use of hearsay statements from witnesses who failed to appear when board issued subpoenas, the parole officer contacted the witnesses to urge their attendance, and officers relayed their statements and were available for cross examination). This case is distinguishable from those where courts have found that the government did not demonstrate good cause for failing to produce a witness. *See, e.g., Comito*, 177 F.3d at 1172 (government made no attempt to procure the attendance of a key witness, even though they were aware of her location, she spoke regularly with the parolee, and stated that testifying would not cause her to fear for her safety), *United States v. Martin*, 984 F.2d 308, 313 (9th Cir. 1993) (government made no attempt to provide substitute for live testimony or pursue alternative methods for securing testimony). Weighing the importance of the hearsay evidence to the parole board's finding, the nature and

reliability of the evidence, and the government's good cause for failing to produce the witness, the court finds that use of the hearsay did not Walker's due process right to confront the witnesses against him

## IV. Conclusion

For the reasons stated above, Walker's Petition for a Writ of Habeas Corpus is **DENIED**.

IT IS SO ORDERED.

DATED: April 29, 2009

                                                     **/s/ William W Schwarzer**

                                                     Hon. William W Schwarzer

                                                     United States District Judge